**KAI FUNG CHAN, Plaintiff,**

v.

**Maurice F. KILEY, as District Director of the Immigration and Naturalization Service for the District of New York, Defendant.**

**No. 77 Civ. 2935 (CMM).**

United States District Court,
S. D. New York.

July 18, 1978.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., New York City, for defendant; Robert S. Groban, Jr., Sp. Asst. U. S. Atty., New York City, of counsel.

METZNER, District Judge:

Plaintiff, by a motion for summary judgment pursuant to Fed.R.Civ.P. 56, seeks judicial review of the Immigration and Naturalization Service's (INS) denial of his application for conditional refugee status. The government cross-moves for summary judgment and dismissal of the action.

Plaintiff, a native of the People's Republic of China, entered the United States from Hong Kong in January 1973 on a nonimmigrant visitor visa. He has remained here beyond the expiration date of his authorized stay. He was provided the opportunity to depart voluntarily by August 30, 1975, and thus avoid the stigma of deportation, but he failed to do so.

In November 1975, plaintiff succeeded in having his deportation proceeding reopened by alleging that he was a refugee entitled to an immigrant visa under Section 203(a)(7) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(7). That section provides, in pertinent part:

> "Conditional entries shall next be made available . . . to aliens who satisfy an Immigration and Naturalization Service officer at an examination in any non-Communist or non-Communist-dominated country, (A) that (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (I) from any Communist or Communist-dominated country or area . . . and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion. . . ."

The Immigration and Naturalization Service denied plaintiff's application on January 20, 1977, which decision was affirmed by the Regional Commissioner on May 19, 1977.

The decision to grant or deny a refugee application is a discretionary one, and review by this court is limited to determin-

Lebenkoff & Coven, New York City, for plaintiff; Jules E. Coven, Abraham Lebenkoff, New York City, of counsel.

ing whether INS abused its discretion in finding that plaintiff was "firmly resettled" in Hong Kong and therefore not a refugee within the intendment of the statute. *Chinese American Civic Council v. Attorney General*, 566 F.2d 321, 324, 328 (D.C. Cir. 1977).

■■■■ The finding that plaintiff was firmly resettled in Hong Kong is fully supported by the evidence. The test is whether it appears from all the circumstances that plaintiff has found shelter in that country, such that he is no longer in flight to avoid persecution. *Rosenberg v. Yee Chien Woo*, 402 U.S. 49, 56–57, 91 S.Ct. 1312, 28 L.Ed.2d 592 (1971). Plaintiff left China for Hong Kong in 1969 with his mother and three brothers, when plaintiff was 17 years old, to join his father who had lived in Hong Kong for over 15 years. Plaintiff resided with his family in Hong Kong for four years during which time he attended school and held several jobs. His family continues to reside there.

Plaintiff did not enter the United States as a consequence of flight in search of refuge, *Rosenberg*, 402 U.S. at 57, 91 S.Ct. 1312, but as a visitor. He represented to the American Consul that he was a permanent resident of Hong Kong and produced a Hong Kong Certificate of Identity.

■■■ The four years plaintiff spent in Hong Kong represented an "intervening residence in a third country reasonably constituting a termination of the original flight in search of refuge" from China. *Rosenberg*, 402 U.S. at 57, 91 S.Ct. at 1317. The fact that plaintiff would not be considered a resident of Hong Kong under its ordinance requiring a 7-year stay to acquire such status is not determinative of the claim presented. INS is free to consider all the facts in reaching its conclusion.

Accordingly, plaintiff's motion for summary judgment is denied and the government's cross-motion for summary judgment is granted.

So ordered.